BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: PASSENGER VEHICLE REPLACEMENT TIRES ANTITRUST LITIGATION | MDL No. 3107 |

**RESPONSE OF SEVEN DEFENDANTS TO PLAINTIFF SAMPAYAN'S MOTION TO TRANSFER AND CENTRALIZE RELATED ACTIONS FOR CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS**

The undersigned seven defendants—Bridgestone Americas, Inc., Continental Tire the Americas, LLC, GITI Tire (USA) Limited, The Goodyear Tires & Rubber Company, Kumho Tire U.S.A., Inc., Michelin North America, Inc., and Nokian Tyres U.S. Operations LLC—hereby respond to Plaintiff Sampayan's Motion to Transfer and Centralize Related Actions for Consolidated or Coordinated Pretrial Proceedings (the "Transfer Motion").

These seven defendants (the "Seven Defendants") include all defendants but one that either have appeared in the JPML docket or have been served with process in one or more of the twenty-seven related actions currently pending in four federal districts (the "Related Actions"). The Seven Defendants agree with Plaintiff Sampayan that centralization of the Related Actions is warranted and that the Southern District of New York is the appropriate forum for centralization. The Southern District of New York is the jurisdiction in which fifteen of the twenty-seven Related Actions are pending. It is also the jurisdiction supported by a majority of the plaintiffs and an overwhelming majority of defendants that have appeared to date in the actions. That alone is convincing evidence that the Southern District of New York is the forum that would best advance the convenience of the parties. Centralization in the Southern District of New York also is appropriate because it is a major transportation hub easily accessible by parties and counsel in the various actions. Particularly for the twelve foreign defendants located in Europe and Asia,

1

New York is a far more accessible destination than the other jurisdictions in which Related Actions are pending—Akron, Ohio; Greenville, South Carolina; and Detroit, Michigan. Finally, the judge to whom the New York actions have been assigned, the Honorable Edgardo Ramos, is an experienced jurist who has handled complex antitrust litigation similar to the Related Actions, but who has not yet had the opportunity to preside over an MDL.

For these reasons and the additional reasons set forth below, the Seven Defendants agree with Plaintiff Sampayan that the Related Actions should be centralized in the Southern District of New York. Alternatively, if for some reason the Panel were to conclude that the Southern District of New York is not an appropriate forum, the Seven Defendants respectfully submit that centralization in the Northern District of Ohio would be appropriate.

## BACKGROUND

Plaintiff Sampayan's action is one of twenty-seven related actions that arise out of a substantially identical set of allegations that the defendant tire manufacturers conspired in violation of state and federal antitrust laws to inflate the prices of replacement tires in the United States. These twenty-seven actions are pending in the following four judicial districts:

| District Court | Number of Complaints |
| --- | --- |
| Southern District of New York | 15 |
| Northern District of Ohio | 6 |
| District of South Carolina | 5 |
| Eastern District of Michigan | 1 |
| **Total** | **27** |

All fifteen New York actions have been marked as related, and all of them have been assigned to, or appear to be in the process of being assigned to, the Honorable Judge Edgardo Ramos in the Southern District of New York. In addition, a group of New York plaintiffs has

filed an unopposed motion to create a master docket to coordinate or consolidate all of the New York actions before Judge Ramos. *See* Motion to Consolidate Cases, No. 1:24-cv-00881, Dkt. 43 (S.D.N.Y March 13, 2024).

Three of the six Ohio actions have been assigned to the Honorable Sara Lioi of the Northern District of Ohio. The other three are currently assigned to the Honorable Charles Fleming, the Honorable Dan Polster, and the Honorable David Ruiz, all of the Northern District of Ohio.

The five South Carolina actions have been assigned to the Honorable Jacquelyn D. Austin in the District of South Carolina.

Finally, the lone Michigan action has been assigned to the Honorable Terrence G. Berg in the Eastern District of Michigan.

## ARGUMENT

I. **CENTRALIZATION IS WARRANTED.**

Defendants agree with Plaintiff Sampayan that the requirements for centralization under 28 U.S.C. § 1407 are satisfied here. Centralization is appropriate where "civil actions involving one or more common questions of fact are pending in different districts," and where transfer and centralization "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Here, the Related Actions all revolve around the same set of factual allegations, and all of them propose certification of substantially identical classes of direct and indirect purchasers of replacement tires. Centralization of these closely-related actions would conserve judicial and party resources and promote the just and efficient resolution of the actions by avoiding duplicative litigation, eliminating the need for multiple courts to assess the same set of factual and legal issues, and averting potentially inconsistent rulings on the same claims and defenses.

## II. THE SOUTHERN DISTRICT OF NEW YORK IS THE APPROPRIATE TRANSFEREE DISTRICT.

The Seven Defendants agree with Plaintiff Sampayan that the Related Actions should be centralized in the Southern District of New York. Most of the plaintiffs and all but one of the defendants that have appeared to date in these actions support centralization in the Southern District of New York. This broad consensus in favor of centralization in New York is compelling evidence that New York is the forum that would best promote the convenience of parties and witnesses. *See In re: Auto. Wire Harness Sys. Antitrust Litig.*, 844 F. Supp. 2d 1367, 1368 (J.P.M.L. 2012) (transferring actions to the district where "[m]ost responding parties support centralization" and "where the vast majority of the actions are pending"); *In re: Wright Med. Tech., Inc., Conserve Hip Implant Products Liab. Litig.*, 844 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012) (transferring actions to the district that most parties agreed was the appropriate transferee forum). Although one defendant—Pirelli Tires LLC ("Pirelli")—favors centralization in the Northern District of Ohio, the Southern District of New York is not an inconvenient forum for Pirelli because it maintains sales and marketing offices in New York, its lead attorneys are based in New York and Washington, D.C., and its principal place of business in Georgia is roughly equidistant from the Southern District of New York and the Northern District of Ohio.

The case for New York is reinforced by the fact that the named defendants in the actions include five European defendants,[1] seven Asian defendants,[2] and twelve domestic defendants[3] that are spread from coast to coast.[4]  New York is an "accessible" international destination that is far more convenient for these far-flung defendants than Akron, Greenville, or Detroit.  *In re Rhodia S.A. Sec. Litig.*, 398 F. Supp. 2d 1359, 1360 (J.P.M.L. 2005); *see also In re Worldcom, Inc., Sec. & ERISA Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L. 2002) (transferring actions to the Southern District of New York because "litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services.")

New York is also an appropriate forum because it is home to the first-filed suit (*Sampayan*) and to fifteen of the twenty-seven Related Actions.  *See In re Veeco Instruments Inc. Sec. Litig.*, 387 F. Supp. 2d 1365, 1366 (J.P.M.L. 2005) (transferring to Southern District of New York in part because it "contains the first-filed action").  Furthermore, all fifteen New York actions have been assigned or are in the process of being assigned to Judge Edgardo Ramos, a highly regarded Southern District judge with thirteen years of judicial experience, ten years of

---

[1] Defendants domiciled in Europe are Compagnie Générale des Établissements Michelin (France), Compagnie Financière Michelin (France), Continental Aktiengesellschaft (Germany), Nokian Tyres plc (Finland), and Pirelli & C. S.p.A. (Italy).

[2] Defendants domiciled in Asia are Bridgestone Corporation (Japan), Hankook Tire & Technology Co., Ltd. (South Korea), Yokohama Rubber Co., Ltd. (Japan), Toyo Tire Corporation (Japan), Kumho Tire Co. Inc. (South Korea), Sumitomo Rubber Industries, Ltd. (Japan), and GITI Tire Global Trading Pte. Ltd. (Singapore).

[3] Defendants domiciled in the U.S. are Bridgestone Americas, Inc., Continental Tire the Americas, LLC, GITI Tire (USA) Limited, The Goodyear Tire & Rubber Co., Hankook Tire America Corp., Kumho Tire U.S.A., Inc., Michelin North America, Inc., Nokian Tyres North America, Inc., Pirelli Tire LLC, Sumitomo Rubber North America, Inc., Toyo Tire U.S.A. Corp., and Yokohama Tire Corp.

[4] The undersigned defendants do not concede that the foreign defendants are proper defendants here and reserve all rights and defenses.

experience as a federal prosecutor, and fourteen years of experience in private practice. Judge Ramos has not yet had the opportunity to preside over multidistrict litigation, but he successfully coordinated a similar set of related antitrust class actions in *In re SSA Bonds Antitrust Litigation*, No. 16 CV 3711 (ER) (S.D.N.Y.).

New York is also an appropriate forum from the perspective of docket conditions. The Southern District of New York has eleven pending MDLs, but has forty-four District Judges and seventeen Magistrate Judges presiding over the district's docket.[5] The Southern District of New York routinely handles complex multidistrict antitrust litigation because it has the resources to conduct these proceedings. *See, e.g.*, *In re Elevator & Escalator Antitrust Litig.*, 350 F. Supp. 2d 1351, 1353 (J.P.M.L. 2004) (concluding that the Southern District of New York is equipped with resources that a complex antitrust docket is likely to require). The Southern District of New York also maintains an efficient docket: despite the complexity of its case-load, the district's median time for disposition of civil cases is 6 months, as compared to 8.8 months for the District of South Carolina, 8.6 months for the Northern District of Ohio, and 8.5 months for the Eastern District of Michigan.[6]

For these reasons and the additional reasons set forth in the Transfer Motion, the Seven Defendants respectfully submit that the Related Actions should be centralized in the Southern District of New York. Alternatively, if for some reason the Panel were to conclude that the

---

[5] *See* U.S. Judicial Panel on Multidistrict Litigation, MDL Statistics Reports - Distribution of Pending MDL Dockets by District (Mar. 1, 2024), *available at* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-March-1-2024.pdf; Judges of the Southern District of New York, *available at* https://www.nysd.uscourts.gov/judges.

[6] *See* United States District Courts—National Judicial Caseload Profile, During the 12-Month Period Ending June 20, 2023, *available at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf

6

Southern District of New York is not an appropriate forum, the Seven Defendants respectfully submit that the appropriate forum would be the Northern District of Ohio. Six of the twenty-seven Related Actions are pending in that district; one defendant (Pirelli) has expressed a preference for that district; and one defendant (Goodyear) is headquartered in that district. In addition, three of the six Related Actions pending in that district have been assigned to the Honorable Sara Lioi, a highly respected chief judge who has substantial experience overseeing complex civil litigation, but who has not yet had the opportunity to preside over multidistrict litigation.

Finally, the Seven Defendants respectfully submit that neither the District of South Carolina nor the Eastern District of Michigan would be an appropriate forum for these cases. Only five of the twenty-seven Related Actions are pending in the District of South Carolina, and that District is one of the busiest in the country on a per-judge basis.[7] The District of South Carolina is also less convenient for parties, witnesses, and counsel—particularly the four defendants located in California and the twelve defendants located abroad. Similarly, only one Related Action is pending in the Eastern District of Michigan. The Michigan action is one of the latest-filed cases to date, and it is currently assigned to Judge Terrence Berg, who is already presiding over an MDL. *See In re Neo Wireless, LLC Patent Litig.*, MDL No. 3034.

## CONCLUSION

The Related Actions should be transferred to and centralized in the Southern District of New York.

Dated March 20, 2024                                Respectfully submitted,

---

[7] *See* National Judicial Caseload Profile, *supra* note 3.

/s/ E. Kate Patchen
E. Kate Patchen
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415)-591-6031
kpatchen@cov.com

*Counsel for Defendant The Goodyear Tires & Rubber Company*

/s/ Adam C. Hemlock (w/permission)
Adam C. Hemlock
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8281
adam.hemlock@weil.com

*Counsel for Bridgestone Americas, Inc.*

/s/ Jeffrey C. Bank (w/permission)
Jeffrey C. Bank
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K St. NW, Fifth Floor
Washington, DC 20006
Telephone: (212) 497-7761
jbank@wsgr.com

*Counsel for Defendant Continental Tire the Americas, LLC*

/s/ David M. Ross (w/permission)
David M. Ross
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
1500 J Street NW, Suite 330
Washington, DC 20005
Telephone: (202) 626-7687
david.ross@wilsonelser.com

*Counsel for Defendant GITI Tire (USA) Ltd.*

8

<u>/s/ John J. Hamill (w/permission)</u>
John J. Hamill
DLA PIPER
444 W. Lake Street, Suite 900
Chicago, IL 60606
Telephone: (312) 251-5809
john.hamill@us.dlapiper.com

*Counsel for Defendant Kumho Tire U.S.A., Inc.*

<u>/s/ Belinda S Lee (w/permission)</u>
Belinda S Lee
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
belinda.lee@lw.com

*Counsel for Michelin North America, Inc.*

<u>/s/ B. Parker Miller (w/permission)</u>
B. Parker Miller
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Ste. 4900
Atlanta, GA 30309
Tel.: (404) 881-4970
Fax: (404) 881-7777
Email: parker.miller@alston.com

*Counsel for Defendants Nokian Tyres Inc. and Nokian Tyres U.S. Operations LLC*