BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: Passenger Vehicle Replacement Tires Antitrust Litigation | MDL No. 3107 |

**OHIO PLAINTIFFS' RESPONSE TO MOTION FOR TRANSFER OF RELATED ACTIONS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Panel"), Northern District of Ohio Plaintiffs John (Jack) Bengel ("Bengel") and Nancy Stephan ("Stephan") (collectively, the "Ohio Plaintiffs") respectfully submit this Memorandum of Law in response to Plaintiff Sampayan's Motion to Transfer Related Actions for Consolidated or Coordinated Pretrial Proceedings (the "Motion to Transfer"). Ohio Plaintiffs agree that transfer and consolidation of the related actions are appropriate pursuant to 28 U.S.C. § 1407. However, Ohio Plaintiffs submit that the Northern District of Ohio is the most appropriate forum.

**I.     PRELIMINARY STATEMENT**

Over the past several weeks, 27 private civil class action antitrust cases alleging price fixing of replacement tires for passenger cars, vans, trucks, and buses ("Tires") have been filed in four districts, the Northern District of Ohio, the Southern District of New York, the District of South Carolina, and the Eastern District of Michigan (collectively, the "Actions"). The Actions each allege that the major manufacturers of Tires, Continental, Michelin, Nokian, Goodyear, Pirelli, and Bridgestone, as well as unidentified co-conspirators, conspired to raise, fix, maintain, or stabilize prices of Tires in violation of the antitrust laws.[1]

---

[1]     The *Curran et al. v. The Goodyear Tire & Rubber Company, et al.*, No. 1:24-cv-01419 (S.D.N.Y); *Shumate v. The Goodyear Tire & Rubber Company, et al.*, No. 5:24-cv-00449 (N.D. Ohio); and *Price v. The Goodyear Tire & Rubber Company, et al.*, No. 1:24-cv-01981 (S.D.N.Y.)

1

Ohio Plaintiffs agree that centralization under 28 U.S.C. § 1407 is appropriate. Each of the Actions involve largely identical factual allegations, involve overlapping parties, and are asserted on behalf of two largely overlapping classes of either direct or indirect purchasers. Centralization would serve judicial and party economy, streamline the pre-trial process, and further centralization's goal of promoting just, convenient, and efficient litigation.

Ohio Plaintiffs disagree with Plaintiff Sampayan as to the most appropriate transferee court. The Northern District of Ohio is the most appropriate forum in which the Actions can be coordinated. On February 27, 2024, Plaintiff Bengel filed the first action in the Northern District of Ohio. In the following weeks, another five cases were filed in the Northern District of Ohio, including both direct purchaser and indirect purchaser class actions. Three of the six actions pending in the Northern District of Ohio are assigned to Chief Judge Sara Lioi ("Judge Lioi"). The Northern District of Ohio, which encompasses the longstanding heartland of the American tire industry, is the ideal transferee forum for this case. It has, by far, the closest connection to the American tire industry, and to the Defendants in this case, in comparison to the three other districts (the Southern District of New York, the District of South Carolina, and the Eastern District of Michigan) in which cases have been filed. It is also centrally located, which will serve the convenience interests of the parties in this nationwide class action involving litigants located throughout the United States and abroad. The Northern District of Ohio is also the fastest district to trial disposition among the four in which actions have been filed and has fewer multidistrict

---

actions include the following additional Defendants: Hankook Tire & Technology Co., Ltd.; Hankook Tire America Corp.; Yokohama Rubber Co., Ltd.; Yokohama Tire Corporation; Toyo Tire Corporation; Toyo Tire U.S.A. Corp.; Kumho Tire Co.; Kumho Tire U.S.A.; Sumitomo Rubber Industries, Ltd.; Sumitomo Rubber North America, Inc.; GITI Tire Global Trading Pte. Ltd.; and Giti Tire (USA) Ltd.

litigations than the Southern District of New York. Moreover, Judge Lioi is a highly capable, experienced jurist that would steer this litigation on a prudent course.

For all these reasons, and as more fully discussed below, Ohio Plaintiffs respectfully request that the Panel transfer these Actions to the Northern District of Ohio for consolidated pretrial proceedings.

### III.   ARGUMENT

#### A.   Transfer of the Actions to One Court for Coordination or Consolidation Is Appropriate Under 28 U.S.C. § 1407

Ohio Plaintiffs agree that transfer of the Actions to one court for coordination is appropriate under 28 U.S.C. § 1407. There is no dispute that the Actions share common questions of fact and involve similar legal issues. Centralization will promote the just and efficient conduct of the litigation by eliminating duplicative discovery and avoiding the risk of inconsistent rulings on pretrial matters and dispositive motions. *In re Crop Prot. Prods. Loyalty Program Antitrust Litig.*, 655 F. Supp. 3d 1380, 1381 (J.P.M.L. 2023) (transferring antitrust actions for consolidated or coordinated pretrial proceedings in light of similarities in claims asserted, anticipated discovery and motion practice); *see also In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prod. Liab. Litig.*, 254 F. Supp. 3d 1381, 1382 (J.P.M.L. 2017) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.").

#### B.   The Northern District of Ohio is the Most Appropriate Forum for the Tires Actions

In choosing a transferee forum, the Panel considers which judicial district is best suited to promote the purpose of 28 U.S.C. § 1407 in ensuring convenience of the parties and the just and efficient conduct of the litigation. For the reasons set forth herein, these factors favor transfer to the Northern District of Ohio before Judge Lioi.

### 1.     The Northern District of Ohio Has Unique Ties to the Tires Industry and a Strong Nexus to the Litigation

The Northern District of Ohio, specifically, Akron, Ohio, has significant present and historic ties to the Tires industry that are unmatched by any other venue. Akron has been known as the "[r]ubber [c]apital of the [w]orld" and was the historical center of tire manufacturing in the United States.[2] The origins of Akron and rubber reach to the 19th Century when in 1871, Benjamin Franklin Goodrich set up the Akron Rubber Works. If one were to play a city — industry association game, New York would be Wall Street and finance, Detroit is Motown, the Bay Area's Silicon Valley is technology, and the rubber industry is indisputably Akron.

Tire companies, including Defendant Goodyear, Firestone (bought by Defendant Bridgestone), General Tire (bought by Defendant Continental), B.F. Goodrich (bought by Defendant Michelin), Mohawk, and Kelly-Springfield (bought by Defendant Goodyear) all have roots in Akron. For example, Defendant The Goodyear Tire & Rubber Company is headquartered in Akron, Ohio (and was established in Akron in 1898).[3] Defendants Continental Tire the Americas, LLC and The Goodyear Tire & Rubber Company are incorporated in the State of Ohio. Additionally, Defendant Bridgestone Americas, Inc. has manufacturing facilities in the Northern District of Ohio. Generations of workers from Northeastern Ohio produced the tires that were an essential part of the American love affair with the automobile and the freedom of the open road, as with other industries including steel and automobile manufacturing. And while there have been

---

[2]  Doug Livingston, *Installation of Bronze Statue Downtown is Dedication to the Men and Women Who Built Akron*, AKRON BEACON JOURNAL (May 13, 2021), https://www.beaconjournal.com/story/news/2021/05/13/bronze-rubber-worker-memorial-statue-installed-downtown-akron/5061120001/ (reporting that a 15-foot bronze sculpture of a rubber worker with a tire was installed in downtown Akron in dedication to Akron's tire industry workers).

[3]  Goodyear, Company History 1898-1919, https://corporate.goodyear.com/us/en/about/history.html (last visited Feb. 20, 2024).

regrettable losses of jobs due to factors that are beyond the scope of this brief, if there is to be centralization of these actions, its history and continued centrality to the rubber industry in the United States dictates that the forum be Akron.

Further, in 1995, the Department of Justice ("DOJ") investigated tire manufacturers, including Goodyear, in an "industrywide investigation" concerning antitrust violations, with subpoenas issued by investigators from the DOJ's Cleveland office.[4] This fact makes Northern District of Ohio the most convenient forum for the centralized Tire Actions. *See In re Wells Fargo Auto Ins. Mktg. & Sales Pracs. Litig.*, 273 F. Supp. 3d 1383, 1384 (J.P.M.L. 2017) (ordering centralization where the "key entities and individuals with direct responsibility for the alleged conduct in this litigation are located . . . and, therefore, [the location of the] relevant documents and witnesses").

In contrast, the Southern District of New York has only weak ties to the Tire industry and the Actions. The only connections that the Actions have to New York are that the Defendants generally do business within the state (as they do business nationwide), certain Plaintiffs reside there, and New York is Michelin North America Inc.'s state of incorporation (its headquarters are in Greenville, S.C.). The Eastern District of Michigan has even fewer ties to this litigation, where the Defendants generally do business within the state, and certain Plaintiffs reside there, but none of the Defendants are headquartered or incorporated in the state.

While 15 of the Actions are pending in the Southern District of New York, the Panel should give that fact little to no weight. The number of currently filed cases in a district is not a critical factor in cases like this with Plaintiffs and putative class members "resid[ing] in every corner of

---

[4] *Government Probes Tire Industry Tactics*, THE SPOKESMAN-REVIEW (Aug. 24, 1995), https://www.spokesman.com/stories/1995/aug/24/government-probes-tire-industry-tactics/.

5

the country . . . ." *In re BP p.l.c. Secs. Litig.*, 734 F. Supp. 2d 1376, 1377-79 (J.P.M.L. 2010); *see also In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011) (concluding that "the location of the currently filed cases is not a particularly significant factor in [the Panel's] decision" because "potential plaintiffs and putative class members will reside in every corner of the country and defendants are located in several states"). Here, Plaintiff Bengel is an Ohio resident, several Defendants are incorporated or headquartered in Ohio (while all do extensive business there), and the other parties and putative class members are spread around the United States. As such, the Northern District of Ohio is the geographic focal point of the Tires litigation, and the Actions should be transferred there for consolidated or coordinated pretrial proceedings.

### 2. The Northern District of Ohio's Central Location and Proximity to Defendants Makes it the Most Geographically Convenient Location

One factor the Panel considers is whether a transferee district "is a geographically convenient location[.]" *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 277 F. Supp. 2d 1373, 1374 (J.P.M.L. 2003). The Northern District of Ohio is centrally located geographically relative to the location of parties and witnesses. *In re Suboxone (Buprenorphine/Naloxone) Film Mktg., Sales Pracs., & Prod. Liab. Litig.*, MDL No. 3092, 2024 WL 437218, at *2 (J.P.M.L. Feb. 2, 2024) (noting that the Northern District of Ohio is "centrally located [and] accessible" for parties in a nationwide class action). Defendants' U.S. operations are headquartered in Ohio (Goodyear), as well as South Carolina (Continental and Michelin), Tennessee (Nokian and Bridgestone), and Georgia (Pirelli). There are direct flights[5] from Cleveland Hopkins International Airport to Charleston and Myrtle Beach, South Carolina,

---

[5]   Cleveland Airport, *Non-Stop Cities*, https://www.clevelandairport.com/flight-information/non-stop-cities (last visited Feb. 20, 2024).

Charlotte, North Carolina,[6] Nashville, Tennessee, and Atlanta, Georgia, as well as New York, where a number of Plaintiffs and their counsel reside. The Northern District of Ohio is more centrally located relative to the U.S.-based Defendants than the Southern District of New York, the District of South Carolina, or the Eastern District of Michigan.

### 3. The Northern District of Ohio is an Experienced MDL District with Much Fewer Pending MDLs than Southern District of New York

The Northern District of Ohio is experienced handling complex litigation, and complex antitrust litigation. *See, e.g.*, *In re Polyurethane Foam Antitrust Litig.*, No. 1:10-md-02196 (N.D. Ohio) (Zouhary, J.); *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804 (N.D. Ohio) (Polster, J.); *In re Scrap Metal Antitrust Litig.*, No. 1:02-cv-0844 (N.D. Ohio) (Christopher, J.).

The Northern District of Ohio has the capacity to handle this litigation and has fewer number of currently pending MDLs comparing to Southern District of New York. As of March 1, 2024, the Northern District of Ohio had only four pending MDL cases.[7] By contrast, the Southern District of New York had 11 pending MDL cases.[8] The Northern District of Ohio has the resources and capacity to handle another MDL.[9] In *In re Porsche Cars N. Am., Inc., Plastic Coolant Tubes Prods. Liab. Litig.*, 787 F. Supp. 2d 1349 (J.P.M.L. 2011), the Panel centralized nationwide litigation in the Northern District of Ohio instead of in the Southern District of New York, citing

---

[6] Charlotte Douglas International Airport is less than 30 miles from Continental's U.S. headquarters in Fort Mill, South Carolina.

[7] The pending MDL cases in Northern District of Ohio are: *In re DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.* (MDL No. 2197); *In re Nat'l Prescription Opiate Litig.* (MDL No. 2804); *In re Pipe Flashing Pat. Litig.* (MDL No. 3093); and *In re Suboxone (Buprenorphine/Naloxone) Film Prods. Liab. Litig.* (MDL No. 3092).

[8] United States Judicial Panel on Multidistrict Litigation, *MDL Statistics Report – Distribution of Pending MDL Dockets by District* (Mar. 1, 2024), https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-March-1-2024.pdf.

[9] The District of South Carolina has two pending MDLs.

its central geographic location and its capacity to manage an additional MDL. The Panel should do the same here. *See also.*, *In re Corn Derivative Antitrust Litig*., 486 F. Supp. 929, 932 (J.P.M.L. 1980) (selecting transferee district because it had relatively few multidistrict litigations); *In re Packaged Ice Antitrust Litig.*, 560 F. Supp. 2d 1359, 1361 (J.P.M.L. 2008) (selecting a district with "favorable caseload conditions"); *In re Maxim Integrated Prods., Inc., Pat. Litig*., 867 F. Supp. 2d 1333, 1336 (J.P.M.L. 2012) (selecting transferee district had "favorable caseload conditions" and was "relatively geographically accessible").

Moreover, the Northern District of Ohio has a median time to trial disposition of 24.6 months, versus 47.7 months in the Southern District of New York, 34.7 months in the District of South Carolina, and 30.3 months in the Eastern District of Michigan.[10] For the efficient prosecution of the Actions, the Panel should consolidate and transfer the Actions to the Northern District of Ohio.

### 4. Judge Lioi Is Amply Qualified to Preside Over the Actions

Judge Lioi, who is assigned to three of the six actions pending in the Northern District of Ohio, including the first-filed action there, is a highly qualified jurist that would be more than capable of presiding over this complex antitrust litigation. Judge Lioi was appointed as a judge in the Northern District of Ohio in 2007, and was appointed as Chief District Judge in June 2023. Prior to her appointment to the federal bench, Judge Lioi served as a judge on the Stark County Court of Common Pleas, Central Division, to which she was appointed in November 1997.[11] Judge

---

[10] United States Courts, *Table C-5 – U.S. District Courts – Civil Federal Judicial Caseload Statistics* (Mar. 31, 2023), https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2023/03/31.

[11] *Hon. Sara Lioi '87 Named 2020 William K. Thomas Distinguished Jurist Award Recipient*, Moritz College of Law (Oct. 1, 2020), https://moritzlaw.osu.edu/hon-sara-lioi-87-named-2020-william-k-thomas-distinguished-jurist-award-recipient.

Lioi has over 26 years of experience on the bench and has presided over numerous complex matters. Notably, Judge Lioi presided over the prosecution of a wide-reaching Cuyahoga County corruption case that resulted in indictments of over 70 elected officials, county workers, and contractors.[12] Judge Lioi has previously presided over complex class action litigation, including a case brought by smokers against a tobacco company for advertising its cigarettes as "light" and "low tar." *See Phillips v. Philip Morris Cos. Inc.*, 298 F.R.D. 355 (N.D. Ohio 2014). Additionally, Judge Lioi has presided over at least two antitrust cases: *Wooster Indus. Park, LLC v. City of Wooster*, No. 5:13-cv-02729 (N.D. Ohio) and *Katz v. Fid. Nat'l Title Ins. Co., et al.*, No. 1:08-cv-00677 (N.D. Ohio). Judge Lioi is a highly qualified jurist to preside over this MDL.

## CONCLUSION

The Northern District of Ohio is the most appropriate forum for centralization of the Actions because it has unique ties to the parties and the tire industry, offers the strongest geographical convenience, and has the judicial expertise and resources to handle this complex antitrust matter. For the forgoing reasons, the Ohio Plaintiffs respectfully request that the Panel transfer the Actions for coordinated or consolidated pretrial proceedings to the Northern District of Ohio.[13]

Dated: March 20, 2024                                                                Respectfully submitted,

                                                                                                    */s/ Christopher M. Burke*
                                                                                                    Christopher M. Burke
                                                                                                    **KOREIN TILLERY, P.C.**
                                                                                                    707 Broadway, Suite 1410

---

[12]  Eric Heisig, *Ten Years After the Raids: Here Were the People Charged in the Cuyahoga County Corruption Probe*, CLEVELAND.COM (July 26, 2018), https://www.cleveland.com/news/erry-2018/07/8b56b98d6c6686/ten-years-after-the-raids-here.html.

[13]  If the Panel finds that the Northern District of Ohio is not the appropriate forum for this MDL, then Ohio Plaintiffs believe that the District of South Carolina would be the next most suitable location. Comparing to the Southern District of New York, South Carolina has closer connections to the tire industry.

San Diego, CA 92101
Telephone: (619) 625-5620
Facsimile:  (314) 241-3525
cburke@koreintillery.com

*Attorneys for Northern District of Ohio Plaintiffs John (Jack) Bengal and Nancy Stephan*